# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROVER PIPELINE LLC,**

    **Plaintiff,**

    v.

**AMY M. ZWICK, et al.,**

    **Defendants.**

Case No. 2:19-cv-4698
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint and to Join Additional Parties (Doc. 25). For the following reasons, the Motion is **GRANTED**.

## I. BACKGROUND

This case is the latest in an ongoing dispute between the parties over Plaintiff's pipeline construction in Monroe County. Plaintiff is an interstate natural gas pipeline company with a permit to construct a pipeline through, among other counties, Monroe County. (Doc. 25-1, ¶ 7). Defendants are Monroe County, its Engineering and Sheriff's Department, and several County officials and employees. (*Id.*, ¶¶ 10–16). The parties previously litigated a related dispute in this Court, resulting in the issuance of a Temporary Restraining Order. *See Rover Pipeline LLC v. Zwick, et al*, 2:17-cv-00988, Doc. 37 (S.D. Ohio Oct. 31, 2019).

Relevant here, the parties entered into a Road Use Agreement and Maintenance Agreement ("RUMA") that is at the center of this dispute. (*Id.*, ¶ 22). Plaintiff alleges that, after it constructed the pipeline, Defendants prevented it from completing final remediation activities in Monroe County. (*Id.*, ¶¶ 30–33, 42–44). Specifically, Plaintiffs allege, Defendants removed

Plaintiff and its agents from its private property in Monroe County and barred them from returning to that property or using the County's public roads.  (*Id.*, ¶¶ 42–43).  After a significant delay that caused Plaintiff to incur more than $500,000 in alleged damages, Defendants permitted Plaintiff to return to their property and complete the project.  (*Id.*, ¶¶ 55–56).

While Defendants' Motion to Dismiss (Doc. 10) was pending, Plaintiff filed its Motion "to join a newly identified defendant and to expressly include two breach of contract claims that are presently known to Defendants," (Doc. 25 at 1).  The Motion is now fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Trial courts enjoy broad discretion in deciding motions for leave to amend.  *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  Rule 15 encompasses a liberal policy in favor of granting amendments and "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'"  *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint."  *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III. DISCUSSION**

Plaintiff argues that the Court should grant its Motion because this case is still in its early stages and Defendants will not suffer prejudice because of the proposed amendment. (*See generally* Doc. 25).

The Court agrees. Discovery is not set to close for more than six months, and Defendants have not made any showing that they would suffer undue prejudice because of the amendment. Instead, they argue that amendment should not be permitted because of the parties' prior litigation in a related case, Case No. 2:17-cv-00988. (Doc. 27 at 1–3; *see also* Doc. 10 at 5–6 (arguing that this case should be dismissed because this Court has continuing jurisdiction over the subject matter of this action in Case No. 2:17-cv-988)). But that argument is essentially dispositive of Plaintiff's claims and should be directed to the District Judge assigned to this case rather than the Undersigned. *Accord Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015) (holding that it is "the better exercise of discretion to permit the amendment" and permit the District Judge assigned to the case address dispositive arguments); *Durthaler v. Accounts Receivable Mngmt., Inc.,* 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.").

In light of the liberal policy in favor of granting amendments, and the lack of persuasive argument that Defendants will suffer undue prejudice, the Motion is **GRANTED**. The Clerk is directed to file Doc. 25-1 as the First Amended Complaint and Docs. 25-2 through 25-6 as exhibits to the First Amended Complaint.

IT IS SO ORDERED.

Date: July 6, 2020                           /s/Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE