# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROVER PIPELINE LLC,

    Plaintiff,

v.

AMY M. ZWICK, et al.,

    Defendants.

Case No. 2:19-cv-4698
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 73). For the following reasons, Plaintiff's Motion is **GRANTED**, and the Clerk is **DIRECTED** to docket Doc. 73-1 as the Second Amended Complaint. The stay on briefing for the parties' respective Motions for Summary Judgment (Docs. 68, 69) is hereby **LIFTED**, and the parties are **ORDERED** to file their respective reply briefs **fourteen (14) days** from the date of this Order.

## I. BACKGROUND

The Court previously summarized the factual and procedural background of this case:

This case is the latest in an ongoing dispute between the parties over Plaintiff's pipeline construction in Monroe County. Plaintiff is an interstate natural gas pipeline company with a permit to construct a pipeline through, among other counties, Monroe County. (Doc. 30, ¶ 7). Defendants are Monroe County's Engineering and Sheriff's Department, and several County officials and employees. (*Id.*, ¶¶ 10–16). The parties previously litigated a related dispute in this Court, resulting in the issuance of a Temporary Restraining Order. *See Rover Pipeline LLC v. Zwick, et al*, 2:17-cv-00988, Doc. 37 (S.D. Ohio Oct. 31, 2019).

Relevant here, the parties entered into a Road Use Agreement and Maintenance Agreement ("RUMA") that is at the center of this dispute. (*Id.*, ¶ 22). Plaintiff alleges that, after it constructed the pipeline, Defendants prevented it from completing final remediation activities in Monroe County. (*Id.,* ¶¶ 30–33, 42–44).

> Specifically, Plaintiffs allege, Defendants removed Plaintiff and its agents from its private property in Monroe County and barred them from returning to that property or using the County's public roads. (*Id.*, ¶¶ 42–43). After a significant delay that caused Plaintiff to incur more than $500,000 in alleged damages, Defendants permitted Plaintiff to return to their property and complete the project. (*Id.*, ¶¶ 55–56).

(Doc. 29 at 1–2).

On December 23, 2019, Defendants filed a Motion to Dismiss arguing, among other things, that Plaintiff's Complaint "fails on the merits." (Doc. 10 at 4). While that Motion was being briefed, the parties filed their Rule 26(f) Report and agreed that "any motion to amend the pleadings or to join additional parties shall be filed by May 27, 2020." (Doc. 20). The Court adopted the proposed deadlines and issued a scheduling order. (Doc. 21). Shortly thereafter, Plaintiff moved to amend its complaint, seeking to add several additional parties and claims. (*See generally* Doc. 25). Defendants indicated their opposition to Plaintiff's Motion, and the Court ordered expedited briefing. (Doc. 26). Ultimately, the Court granted Plaintiff's Motion and directed the Clerk to docket the attached First Amended Complaint. (*See* Docs. 29, 30). Defendants filed their Answer to the First Amended Complaint on July 13, 2020. (Doc. 31). "'Because the original complaint ha[d] been superseded and nullified'" the Court denied Defendants' Motion to Dismiss without prejudice as moot. (*See* Doc. 33 (quoting *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008)).

While the parties pursued mediation in February of 2021, those discussion proved unsuccessful. (Doc. 41). The Court then directed the parties to file a joint status report summarizing any remaining discovery and setting forth a proposed revised case schedule. (Doc. 43). While the Court adopted that proposed revised schedule (*see* Doc. 51), those deadlines were further amended as the case progressed. (*See* Docs. 47, 51, 52, 56). Notably, however, the previously set amendment deadline was never changed. On April 23, 2021, the parties filed

competing Motions for Summary Judgment. (*See* Docs. 68, 69). While those Motions were being briefed, Plaintiff filed the instant Motion for Leave to File Second Amended Complaint. (Doc. 73). The Court expedited briefing on Plaintiff's Motion and stayed briefing on the parties' respective Motions for Summary Judgment. (Doc. 75). Defendants responded to Plaintiff's Motion on May 24, 2021, (Doc. 76), and Plaintiff filed its reply on May 27, 2021 (Doc. 77). The Motion is now ripe for review.

II. STANDARD

Two federal rules govern Plaintiff's Motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But because Plaintiff moved to amend after the Court's March 27, 2020, amendment deadline, it "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to

the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

## III. DISCUSSION

As noted, the Court must first decide whether Plaintiff has shown good cause under Rule 16(b) before turning to Rule 15(a)'s more generous standard. First, however, the Court finds it prudent to frame the parties' dispute.

In their Motion for Summary Judgment, Defendants asserted that Plaintiff "did not sue the right party." (*See* Doc. 69 at 43). They argue that because Plaintiff failed to include Monroe County, Ohio, as a defendant, the named Defendants "are entitled to summary judgment because they are not parties to the contract [at issue.]" (*Id.*). While Plaintiff "does not believe an amended complaint is necessary in light of its express and affirmatively plead Complaint against [] Monroe County, Ohio[,]" they filed the instant motion "out of an abundance of caution." (Doc. 73 at 5). In other words, Plaintiff seeks to add Monroe County as a Defendant in case its pleadings were not clear enough before. While the parties' briefing on Plaintiff's Motion for Leave to File Second Amended Complaint frequently touches upon the merits of Plaintiff's case, the only relevant question here is: Has Plaintiff satisfied the standards in Rules 16(b) and 15(a) in seeking leave to amend its Complaint for a second time. The Court finds it has.

### A. Rule 16(b)

In evaluating good cause under Rule 16(b), Plaintiff's diligence is key. *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007); *see also E.E.O.C. v.*

4

*U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). The moving party may still be deemed to have acted diligently when the factual basis supporting an amendment is not disclosed until after the deadline set in the scheduling order. *Cooke*, 2007 WL 188568, at *2. Plaintiff has shown good cause here.

Plaintiff asserts that it has demonstrated "good cause" under Rule 16(b) because the factual basis supporting its proposed amendments was not disclosed until after the deadline to amend and that adding Monroe County will not unduly prejudice Defendants. (Doc. 73 at 7). Specifically, Plaintiff argues—here and in its own Motion for Summary Judgment—that because it affirmatively, if indirectly, included claims against Monroe County in its Complaint it did not believe amendment was necessary. (*Id.*). Plaintiff represents that "[it] could not have known [] Defendants' legal position until it was included in [their] Motion for Summary Judgment[.]" (*Id.*). Upon realizing that Defendants were arguing Plaintiff had failed to properly include Monroe County, Plaintiff quickly moved to amend. (*Id.*). Still, Defendants insist that Plaintiff "knew or should have known" of this alleged deficiency "long before the pleadings amendment deadline[.]" (Doc. 76 at 11).

Upon review, the Court finds Plaintiff was sufficiently diligent in seeking leave to amend after Defendants filed their dispositive motion. *Woods v. FacilitySource, LLC*, No. 2:13-cv-621, 2014 WL 1783942, at *2 (S.D. Ohio May 5, 2014) (granting leave to amend where "[t]he record provid[ed] no basis from which [the] Court could conclude that Defendants lacked diligence in conducting discovery or in moving the Court after they discovered their claim"). Indeed, the Court has no reason to doubt Plaintiff's representations.

Further, as the proposed amendments do not add any new claims or introduce any new facts, the Court is satisfied that Defendants will not be required to incur significant additional costs in discovery or be required to develop a new litigation strategy. *See Chkrs, LLC v. City of Dublin, Ohio*, No. 2:18-CV-1366, 2019 WL 3975447, at *13 (S.D. Ohio Aug. 22, 2019) (finding no undue prejudice where "granting leave to amend will not require Defendants to expend significant additional resources to conduct discovery and prepare for trial") (citation, internal quotations, and alteration omitted). The Court find Defendants' claims of prejudice exaggerated. While they allege that granting amendment will require "additional motions practice" and "additional discovery[,]" they devote only one paragraph of their summary judgment motion arguing Plaintiff failed to properly include Monroe County. (*See* Doc. 69 at 35). If this issue were as substantial as they assert, surely they would have spent more time and effort seeking summary judgment on those grounds. More importantly, a bit more of required discovery generally does not change the Court's good cause finding. *See U-Haul Int'l, Inc.*, 286 F.R.D. at 325 ("Prejudice to the non-moving party is a relevant consideration [in a 16(b) analysis], 'but the main focus should remain on the moving party's exercise of diligence.'") (quoting *Cooke*, 2007 WL 188568, at *2).

Thus, pursuant to its "broad discretion in deciding motions for leave to amend," the Court finds that Plaintiff has exercised diligence in attempting to adhere to this Court's case schedule and fulfilled Rule 16(b)'s good cause requirement.

**B. Rule 15(a)**

Turning to Rule 15(a), Plaintiff has satisfied this standard as well. The Court finds no evidence of bad faith or dilatory motive on Plaintiff's part. Nor have there been repeated failures to cure deficiencies by amendments previously allowed. *See Foman*, 371 U.S. at 182.

As for futility, Defendants claim that "[i]t would be futile to add Monroe County [] to this action now because any federal constitutional or state law tort claims would be barred by the statute of limitations." (Doc. 76 at 14). Yet, at this stage, the Court's role is to evaluate "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). On their face, the proposed amendments (Doc. 73-1) are not so futile and they meet this low bar as a result. The parties should note, however, the Court is not making any determination about whether or not Plaintiff properly included Monroe County in the first instance. And, in ruling on the competing Motions for Summary Judgment, the Court may entertain any such argument, irrespective of the Undersigned's determination here.

Accordingly, Plaintiff's proposed amendments are not so "obviousl[y] [futile] that [they] should be disallowed." *Bear*, 2015 WL 1954451, at *3. Any further scrutiny would require the Undersigned to directly address the merits of the proposed Second Amended Complaint. *See id*. It is "the better exercise of discretion to permit the amendment" and allow Plaintiff to address the sufficiency of the pleadings in a dispositive motion before the District Judge. *Id.*; *see also Durthaler v. Accounts Receivable Mngmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (noting that "[a] court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**, and the Clerk is **DIRECTED** to docket Doc. 73-1 as the Second Amended Complaint. The stay on briefing for the parties' respective Motions for Summary Judgment (Docs. 68, 69) is hereby **LIFTED** and they are **ORDERED** to file their respective reply briefs **fourteen (14) days** from the date of this Order.

IT IS SO ORDERED.


Date: June 29, 2021
/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE